UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 09-21815-CIV-O'SULLIVAN
[CONSENT]

GREAT LAKES REINSURANCE (UK) PLC,
    Plaintiff,

v.

GLASS DESIGN OF MIAMI, INC.
and ERNESTO GARCIA,
    Defendants/Third Party Plaintiffs,

v.

ROYAL MARINE INSURANCE GROUP,
INC.,
    Third Party Defendant.

_____/

## ORDER

THIS MATTER came before the Court on the Third Party Defendant, Royal Marine Insurance Group, Inc.'s, Motion to Dismiss Third Party Plaintiffs' Complaint (DE# 35, 2/9/11). Having reviewed the applicable filings and the law, it is

ORDERED AND ADJUDGED that the Third Party Defendant, Royal Marine Insurance Group, Inc.'s, Motion to Dismiss Third Party Plaintiffs' Complaint (DE# 35, 2/9/11) is **DENIED** for the reasons set forth below.

## BACKGROUND

On or about January 15, 2007, defendant Ernesto Garcia on behalf of defendant Glass Design of Miami, Inc. (collectively,"defendants"), through an insurance broker, obtained a marine insurance policy on a vessel from the plaintiff, Great Lakes Reinsurance (UK) PLC (hereinafter "Great Lakes"). See Complaint for Declaratory

Judgment (DE# 1 at ¶¶7-9, 6/30/09) (hereinafter "Complaint").The insurance policy was twice renewed without incident. On or about March 2, 2009, Mr. Garcia, through his insurance broker,[1] reported the vessel stolen. Id. at ¶16. Great Lakes investigated the claim and determined that "on the applications for marine insurance, the [d]efendants had misrepresented and/or failed to disclose material facts with regard to [Mr. Garcia's] driving violations and/or suspensions." Id. at ¶18. Great Lakes further determined that "the [d]efendants misrepresented and/or failed to disclose material facts with regard to work and/or repairs and/or maintenance alleged to have been completed [on the vessel]." Id. at ¶19.

On June 30, 2009, Great Lakes filed the instant action asking the Court to declare the insurance policy void due to Mr. Garcia's aforementioned misrepresentations and/or failures to disclose. See Complaint (DE# 1, 6/30/09). On September 30, 2009, the defendants filed Defendants' Answer, Affirmative Defenses and Counterclaim for Breach of Contract (DE# 7, 9/30/09). On January 5, 2011, the

---

[1] Great Lakes' complaint alleges that the defendants procured insurance through an unnamed "marine insurance broker." See Complaint (DE# 1 at ¶ 7, 6/30/09). Royal Marine appears to consider itself an "insurance agent." See Motion to Dismiss (DE# 35 at 2, 2/9/11) (arguing that no cause of action for errors and omissions exists against Royal Marine because an "insurance agent" has no duty to ensure that coverage is not denied). The defendants refer to Royal Marine as both an "insurance agent" and an "insurance broker." See Third Party Complaint (DE# 27 at ¶10, 1/5/11) (referring to Royal Marine as an "insurance agent"); Third Party Plaintiffs Response to Royal Marine Motion to Dismiss (DE# 37, 2/25/11) (stating that "Florida law recognizes a cause of action against an insurance broker who undertakes to procure insurance and negligently fails to do so."). The terms are not interchangeable under Florida law. See Amstar Ins. Co. v. Cadet, 862 So. 2d 736, 739-40 (Fla. 5th DCA 2003) (explaining the difference between an insurance broker and an insurance agent). However, for purposes of ruling on the instant motion to dismiss, the Court does not need to decide whether Royal Marine acted as an insurance agent or an insurance broker.

defendants filed a third party complaint against Royal Marine Insurance Group, Inc. (hereinafter "Royal Marine"). See Defendants/Third Party Plaintiffs', Glass Design of Miami, Inc. & Ernesto Garcia, Third Party Claim Against Royal Marine Insurance Group, Inc. (DE# 27, 1/5/11) (hereinafter "Third Party Complaint").

Royal Marine has moved to dismiss the Third Party Complaint. See Third Party Defendant, Royal Marine Insurance Group, Inc.'s, Motion to Dismiss Third Party Plaintiffs' Complaint (DE# 35, 2/9/11) (hereinafter "Motion to Dismiss"). On February 25, 2011, the defendants filed their response to the instant motion. See Third Party Plaintiffs Response to Royal Marine Motion to Dismiss (DE# 37, 2/25/11). Royal Marine filed its reply on March 3, 2011. See Royal Marine Reply to Third Party Defendants Motion to Dismiss (DE# 42, 3/3/11).

## STANDARD OF REVIEW

Royal Marine seeks to dismiss the Third Party Complaint for failure state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Motion to Dismiss (DE# 35 at 1, 2/9/11). On a Rule 12(b)(6) motion to dismiss, the Court's analysis is generally limited to the four corners of the pleading and the attached exhibits. Grossman v. Nationsbank, 225 F.3d 1228, 1231 (11th Cir. 2000). The Court must also accept the non-moving party's well-pled facts as true and construe the complaint in the light most favorable to that party. Caravello v. Am. Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004) (citing United States v. Pemco Aeroplex, Inc., 195 F.3d 1234, 1236 (11th Cir. 1999) (en banc)). To survive a motion to dismiss, the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). "When

3

there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). The issue to be decided is not whether the claimant will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds by Davis v. Scheuer, 468 U.S. 183 (1984).

**ANALYSIS**

In their Third Party Complaint, the defendants allege two causes of action against Royal Marine: errors and omissions (Count I) and negligent misrepresentation (Count II). The gist of the defendants' third party claims is that Royal Marine failed to disclose information to Great Lakes resulting in Great Lakes' denial of coverage. Id. Royal Marine moves to dismiss both counts of the Third Party Complaint. The Court will address each count in turn.

**I.     Count I - Errors and Omissions**

Royal Marine seeks to dismiss Count I (errors and omissions) of the Third Party Complaint on the ground that no such cause of action exists under Florida law. See Motion to Dismiss (DE# 35 at 2, 02/09/11). With respect to Count I, Royal Marine raises the following three arguments: (1) Florida law does not impose a duty on an insurance agent to ensure that the insurance company will not deny coverage, (2) the defendants cannot simultaneous deny making any misrepresentations and allege a breach by Royal Marine regarding those same misrepresentations and (3) Count I fails to "properly identify the duty owed . . . or any specific breach" by Royal Marine. Id. at 2-3. Royal Marine cites no case law to support these arguments in its motion to dismiss.

The second and third arguments can be disposed of summarily. It is well settled that a party can plead in the alternative. See HCM High Yield Opportunity Fund, LP v. Skandinaviska Enskilda Banken AB, No. 99-1350-CIV, 2001 WL 36186526, at *8 (S.D. Fla. 2001) (observing that "a party is permitted to set forth inconsistent statements either alternatively or hypothetically within a single count.") (quoting 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1283, at 532 (1990)). Additionally, the defendants clearly identify the duty owed and the breach. The Third Party Complaint states that Royal Marine "undertook a duty to provide [the defendants] with insurance coverage for their vessel" and that Royal Marine "breached [its] duty as shown by . . . the denial of coverage." Third Party Complaint (DE# 27 at ¶¶ 14-17, 1/5/11). Royal Marine's second and third argument lack merit.

Royal Marine's first argument – that Florida law does not impose a duty on an insurance agent to ensure that the insurance company will not deny coverage – requires further discussion. The allegations pled by in Count I, when viewed in the light most favorable to the defendants, satisfy the minimum pleading requirements of FED. R. CIV. P. 8(a). Despite using the title "errors and omission," the defendants have essentially pled a cause of action for negligence against Royal Marine. See AutoNation, Inc. v. GAINSystem, Inc., No. 08-61632-CIV, 2009 WL 1941279, at *3 (S.D. Fla. July 7, 2009) (stating that counterclaim should not be dismissed solely cause of action was mislabeled). In its reply, Royal Marine argues that the defendants cannot use their response brief to amend their Third Party Complaint. See Royal Marine Reply to Third Party Defendants Motion to Dismiss (DE# 42 at 3-4, 3/3/11). Here, the Third Party Complaint is not being amended in that no new allegations have been made to correct

5

a pleading deficiency. Rather, the defendants have alleged a proper cause of action for negligence and mislabeled it "errors and omissions." "A complaint should not be dismissed merely because plaintiff's allegations do not support the particular legal theory he advances[.] [T]he court is under a duty to examine the complaint to determine if the allegations provide relief on any possible theory." AutoNation, 2009 WL 1941279, at *3 (alterations in original) (citations and internal quotation marks omitted).

To survive a motion to dismiss, the complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. The defendants have met their burden. The defendants allege that Royal Marine "undertook a duty to provide [the defendants] with insurance for their vessel" and that Royal Marine "owed a duty . . . to ensure the documentation which it submitted to [Great Lakes] was acceptable to [Great Lakes] and would not be used to deny coverage." Third Party Complaint (DE# 27 at ¶¶14-17, 1/5/11). The defendants further allege that Royal Marine breached that duty as evidenced by Great Lakes' denial of insurance coverage and its filing of the instant action for declaratory judgment. Id. at ¶17. Lastly, the defendants allege that Royal Marine's breach of its duties to the defendants resulted in damages – the denial of coverage for the theft of the vessel. Id. at ¶30-31.

Assuming the factual allegations are true, the defendants would be entitled to relief from Royal Marine. Florida law recognizes a cause of action for negligence in failing to procure the proper coverage requested by the insured. See Caplan v. La Chance, 219 So. 2d 89, 90 (Fla. 3d DCA 1969) (per curiam). "It is well settled in [Florida] that where an insurance agent or broker undertakes to obtain insurance

coverage for another person and fails to do so, he may be held liable for resulting damages to that person for breach of contract or negligence." Klonis v. Armstrong, 436 So. 2d 213, 216 (Fla. 1st DCA 1983). The defendants allege that they relied on Royal Marine to "provide them with insurance coverage necessary to protect [the defendants] from loss, including theft loss, and related damage" and "to make sure that the appropriate paperwork required by Great Lakes was submitted timely and accurately." Third Party Complaint (DE# 27 at ¶¶13, 15, 1/5/11) (capitalization omitted). "An insurance agent who . . . agrees to procure a policy is liable for damages that result from his failure to do so. **Reliance by the putative insured on the insurance agent's undertaking . . . is sufficient to trigger a duty upon the agent to exercise the reasonable skill and care to obtain the appropriate coverage."** Klonis, 436 So. 2d at 217 (citations omitted) (emphasis added). The Court finds the defendants have stated a cause of action as a matter of law as to Count I. Royal Marine's motion to dismiss Count I of the Third Party Complaint is **DENIED**.

## II.     Count II - Negligent Misrepresentation

Royal Marine also seeks to dismiss Count II of the Third Party Complaint for failure to state a claim of negligent misrepresentation. See Motion to Dismiss (DE# 35 at 3, 02/09/11). The elements of a claim of negligent misrepresentation under Florida law are:

> (1) there was a misrepresentation of material fact; (2) the representer either knew of the misrepresentation, made the misrepresentation without knowledge of its truth or falsity, or should have known the representation was false; (3) the representer intended to induce another to act on the misrepresentation; and (4) injury resulted to a party acting in justifiable reliance upon the misrepresentation.

7

Tiara Condominium Ass'n, Inc. v. Marsh & McLennan Companies, Inc., 607 F.3d 742, 747 (11th Cir. 2010) (quoting Baggett v. Electricians Local 915 Credit Union, 620 So. 2d 784, 786 (Fla. 2d DCA 1993).

  The Third Party Complaint alleges that the defendants relied on Royal Marine to provide insurance for the subject vessel. See Third Party Complaint (DE# 27 at ¶32, 1/5/11). Royal Marine made representations to the defendants that they were receiving theft loss insurance for the vessel. Id. at ¶34 (stating "[the defendants] were assured by [Royal Marine] that they were getting theft coverage on their vessel which would provide coverage sufficient to protect them in the event of loss."). Royal Marine also represented to the defendants that "the application forms, and letter of compliance were sufficient for the insurance company and that the application and letter of compliance were sufficient for insurance coverage." Id. at ¶41. The representations were false. Id. The defendants relied on these representations. Id. at ¶¶34, 43. Royal Marine "knew or should have known of any deficiencies with the exercise of due care . . ." Id. at 42. The defendants were injured as a result of their reliance on Royal Marine's misrepresentations in that the defendants paid premiums without obtaining insurance coverage. Id. at ¶44.

  Royal Marine argues that the defendants have failed to state a claim for negligent misrepresentation because the defendants have failed to allege that Royal Marine made a misrepresentation of material fact. See Motion to Dismiss (DE# 35 at 4, 2/9/11). The Third Party Complaint alleges that Royal Marine misrepresented to the defendants that they were receiving theft loss insurance and that the documents

submitted to Great Lakes were sufficient to obtain coverage.[2] Third Party Complaint (DE# 27 at ¶¶ 34, 41, 1/5/11). Thus, the Third Party Complaint does allege misrepresentations of material fact made by Royal Marine.

Next, Royal Marine argues that the defendants have failed to allege that Royal Marine knew or should have know of the falsity of a material fact. See Motion to Dismiss (DE# 35 at 4, 2/9/11). The defendants allege that Royal Marine "knew or should have known of any deficiencies with the exercise of due care. . . ." Id. at 42. Construing the Third Party Complaint in the light most favorable to the defendants, Caravello v. Am. Airlines, Inc., 315 F. Supp. 2d 1346, 1348 (S.D. Fla. 2004), the Court finds that the defendants have stated a cause of action for fraudulent misrepresentation against Royal Marine.[3]

---

[2] The defendants also allege that "[Royal Marine] **represented** to [the defendants] that [Mr.] GARCIA was to sign and return the Letter of Compliance with Survey Recommendations and submitted the Letter of Compliance to [Great Lakes] without a survey." Third Party Complaint (DE# 27 at ¶40, 1/5/11) (emphasis added). The defendants do not and cannot allege that Royal Marine's failure to provide the survey to Great Lakes constituted a "misrepresentation of material fact" to the defendants. Thus, the Court will not consider the representation alleged in paragraph 40 a "misrepresentation of material fact." Paragraph 40 is relevant to the negligent misrepresentation claim in that it supports the defendants' allegation that the defendants "knew or should have known of any deficiencies with the exercise of due care. . . ." Id. at 42.

[3] Royal Marine also argues that the defendants cannot maintain a cause of action for fraudulent misrepresentation because: (1) a reasonable investigation by the defendants would have revealed the existence of any misrepresentation and (2) the defendants were complicit in any alleged fraud. See Motion to Dismiss (DE# 35 at 4-5, 2/9/11). These arguments fall outside the four corners of the Third Party Complaint and will not be addressed by the Court on a motion to dismiss. See Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir.2000) (noting that the court's consideration on a motion to dismiss is limited to the pleadings and exhibits attached thereto) (citing GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir.1993)).

**CONCLUSION**

Taking the facts in the light most favorable to the nonmovants, the defendants have laid out sufficient facts to support their claims for errors and omissions (Count I) and negligent misrepresentation (Count II). Accordingly, it is

ORDERED AND ADJUDGED that the Third Party Defendant, Royal Marine Insurance Group, Inc.'s, Motion to Dismiss Third Party Plaintiffs' Complaint (DE# 35, 2/9/11) is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida this **7th** day of July, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies to:
All counsel of record